**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

REGINALD MEEKS,

      *Plaintiff*,

vs.

DAVID McKUNE and
STEPHEN N. SIX,

      *Defendant.*

Case No. 08-3074-EFM

**MEMORANDUM and ORDER**

By Memorandum and Order dated April 9, 2009,[1] this Court denied Petitioner's Motion for a Writ of Habeas Corpus. Petitioner now moves this Court for Leave to Appeal *in forma pauperis*, and moves this Court for a Certificate of Appealability[2].

A petitioner is entitled to a Certificate of Appealability only if he makes "a substantial showing of the denial of a constitutional right."[3] To grant a Certificate of Appealability, petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[4] This inquiry is only a "threshold" one, as "full consideration of the factual or legal bases adduced in support of the

---

[1] Doc. 12.

[2] Petitioner filed his notice of appeal on May 13, 2009.

[3] 28 U.S.C. § 2253(c)(2).

[4] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

-2-

claims" is not only not required, it is forbidden.[5]  Nor is Petitioner required to prove that some courts would grant his motion for a writ of habeas corpus; he is only required to prove "something more that the absence of frivolity or the existence of mere good faith.[6]

Petitioner's Motion for Writ was premised upon five issues, and he seeks a Certificate for each of the five.  His first bases for appeal raises issues under the Confrontation Clause arising from *Crawford v. Washington*.[7]  That case was decided in the midst of Petitioner's state appellate review.  In part, the state court denied Petitioner relief upon grounds which were invalidated by *Giles v. California*,[8] which then gave rise to retroactivity questions implicating *Whorton v. Bockting*.[9]  Both the *Giles* and *Whorton* decisions were also issued during the pendency of Petitioner's claims.  The Court discussed these at length in its Memorandum and Order denying Petitioner's Motion for Writ.  However, we cannot say with confidence that no reasonable jurist could debate whether or not our resolution of those issues was correct.  Therefore, we grant Petitioner's Certificate of Appealability as to his first issue involving his confrontation rights.

Petitioner's second issue regarding the denial of his requested continuance; his third issue regarding the trial judge's admission of evidence (a 911 call); his fourth issue alleging insufficient evidence to support his conviction; and his fifth issue alleging ineffective assistance of counsel,[10] however, are not the same.  The Court will not repeat its analysis of each of those issues from its Memorandum and Order, but it finds that those issues are not reasonably subject

---

[5]*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[6]*Id.*, at 338 (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

[7]541 U.S. 36 (2004).

[8]___ U.S. ___, 128 S.Ct. 2678 (2008).

[9]549 U.S. 406 (2007).

[10]Petitioner's Application for Certificate of Appealability (Doc. 18) raises but does not argue this fifth issue.

to debate nor are those claims adequate to deserve further proceedings. Accordingly, Petitioner is not entitled to a Certificate of Appealability regarding those issues.

Petitioner has also moved for leave to appeal *in forma pauperis*. Federal guidelines to proceed *in forma pauperis* are set forth in 28 U.S.C. § 1915(a). The statute provides:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[11]

The trial court has the discretion to grant or deny petitioner's request.[12] In reviewing an *in forma pauperis* application, the Court examines the applicant's inability to pay court costs.[13] There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.[14]

Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner presenting a civil action must pay the full filing fee.[15] If the prisoner does not have enough money to pay the filing fee for a complaint or an appeal, the court is required to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months.[16] If the prisoner cannot pay the initial partial filing fee, the prisoner cannot be prohibited from bringing a civil action.[17] Under the

---

[11] 28 U.S.C. § 1915(a).

[12] *Cabrera v. Horgas*, 1999 WL 241783, at * 1 (10th Cir. Apr. 23, 1999).

[13] *See* 28 U.S.C. § 1915(a).

[14] *See Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).

[15] *See* 28 U.S.C. § 1915(b)(1).

[16] 28 U.S.C. § 1915(b)(1)(A) and (B).

[17] 28 U.S.C. § 1915(b)(4).

Rules of Practice and Procedure for the District of Kansas:

> In all cases in which petitioner, movant or plaintiff is an inmate of a penal institution and desires to proceed in forma pauperis, in addition to the affidavit of poverty required by 28 U.S.C. § 1915, he or she shall submit a certificate executed by an authorized officer of the institution in which he or she is confined stating the amount of money or securities on deposit to his or her credit in any account in the institution. The certificate may be considered by the court in acting on the motion for leave to proceed *in forma pauperis*. In the absence of exceptional circumstances, leave to proceed *in forma pauperis* may be denied if the value of the money and securities in petitioner's, movant's, or plaintiff's institutional account exceeds $150.00.[18]

Upon review of Petitioner's account and poverty affidavit, the Court is confident that his financial situation warrants a waiver of the normal filing fee, or the partial filing fee. As such, the Court grants Petitioner's motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Certificate of Appealability (Doc. 18) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Appeal *in forma pauperis* (Doc. 17) is GRANTED.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] D. Kan. Rule 9.1(g).